

ANGELO M. BIANCO
Direct Dial: (914) 305-8658
ABianco@fullertonbeck.com

March 8, 2022

The Chambers of the Honorable Peter Cronan
United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007

      **Re: Glotser, Elena v. Boardwalk Regency, LLC**
      **Docket No.:  1:20-cv-02654-JPC-SLC**

Dear Honorable Justice Cronan:

Our office represents the defendant, Boardwalk Regency, LLC in the above-referenced litigation. In accordance with Rule 1(A) of your Individual Practice Rules, please accept this correspondence as our motion letter detailing the basis of our motion for transfer of venue under 28 USC § 1404(a).

The Complaint alleges that on June 13, 2018, Plaintiff was on the Defendant Boardwalk Regency, LLC's ("Boardwalk") property located at 2100 Pacific Avenue, Atlantic City, NJ 08401 (Caesars Atlantic City), when she was caused to trip and fall, sustaining serious and permanent injuries as a result of the defendant's negligence. Specifically, the complaint alleges that the defendant was negligent, careless, and reckless in the ownership, maintenance, and control of the premises. This case was commenced in New York State Supreme Court, New York County. It was subsequently removed on March 31, 2020 to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a).

In regard to this present motion to transfer, it should be noted that Plaintiff purposefully availed herself of the state of New Jersey when she continuously travelled there to participate in gambling and other activities. As it is undisputed that the site of events from which this claim arises is located in New Jersey and a majority of the relevant witnesses are located in New Jersey, it is in the interest of justice and trial efficiency to transfer this matter to a New Jersey court. Nevertheless, it should be noted that even though Plaintiff's choice of forum may be afforded some weight, there is no connection to the present forum other than the Plaintiff's address. Therefore, in accordance with 28 USC § 1404(a), convenience, trial efficiency and the interest of justice complete a transfer of this case to the District of New Jersey.

It is well-settled law that "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." <u>In re</u>

*Glotser v. Boardwalk Regency, LLC*
March 8, 2022
Page 2

Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992). New York courts have continuously held that, even where a venue is proper under 28 USC § 1441(a), "a court may transfer a removed action to another federal district where the case could have been brought 'for the convenience of parties and witnesses, and in the interest of justice.'" Hill v. Golden Corral Corp., 98-CV-7872 (JG), 1999 U.S. Dist. LEXIS 7994, at *4-5 (E.D.N.Y. May 21, 1999), quoting 28 USC § 1404(a). Although Defendants removed this case from New York County Supreme Court to the Southern District of New York, it should not be implied that the Defendants consented to this venue when the removal was commenced. When Defendants removed this action to Federal Court, they were bound by 28 USC §1441 and 28 USC §1391 to remove it to the district in which the state court action was brought. 28 U.S.C.S. § 1441(a); 28 U.S.C.S. § 1391. However, it is clear that the District of New Jersey is a more convenient forum for this present action as the balancing of the relevant factors laid out below weighs in favor of transfer. Therefore, in the interest of justice and for the convenience of the parties and witnesses involved, this action should be transferred to the District of New Jersey.

A motion to transfer under §1404(a) is governed by a two-part test: "(1) whether the action to be transferred is one that 'might have been brought' in the district to which the movant seeks to have it transferred; and (2) whether the convenience of parties and witnesses and the interests of justice favor transfer." 28 U.S.C. § 1404(a); Noval Williams Films LLC v. Branca, 128 F. Supp. 3d 781, 789 (S.D.N.Y. 2015). An action "might have been brought" in a district where the defendant was subject to personal jurisdiction at the time the action was brought, and where venue is proper. Olympia Grp., Inc. v. Cooper Indus., 00 Civ. 7367 (MBM), 2001 U.S. Dist. LEXIS 6187, at *2 (S.D.N.Y. May 11, 2001); Hill v. Golden Corral Corp., 98-CV-7872 (JG), 1999 U.S. Dist. LEXIS 7994, at *4-5 (E.D.N.Y. May 21, 1999); See, Dwyer v. General Motors Corp., 853 F. Supp. 690, 692 (S.D.N.Y. 1994); Arrow Elecs., Inc. v. Ducommun, Inc., 724 F. Supp. 264, 265 (S.D.N.Y. 1989). Here, it is clear that Defendant is subject to personal jurisdiction in New Jersey as Defendant is authorized to do business in the state of New Jersey and owns the premises located at 2100 Pacific Avenue, Atlantic City, New Jersey. Defendant's home jurisdiction is New Jersey, and its principal place of business located therein. Thus, Defendants were subject to personal jurisdiction in New Jersey at the time the action was brought, therefore fulfilling the first step in this analysis.

A court must then consider the following factors in determining whether the convenience of parties and witnesses and the interests of justice favor transfer: (1) the locus of the operative events; (2) the weight accorded to plaintiff's choice of forum; (3) the convenience of the witnesses; (4) convenience of the parties; (5) the relative means of the parties; (6) the relative ease of access to proof; (7) the availability of process to compel attendance of unwilling witnesses; and (8) a forum's familiarity with the governing law. Hill v. Golden Corral Corp., 98-CV-7872 (JG), 1999 U.S. Dist. LEXIS 7994, at *6 (E.D.N.Y. May 21, 1999). Based on the totality of the circumstances, it must be determined whether convenience, trial efficiency and the interest of justice compel a transfer. Id. at 6.

The locus of operative facts is traditionally "an important factor to be considered in deciding where a case should be tried." Royal Ins. Co. of Am. v. Tower Records, Inc., 2002 U.S. Dist. LEXIS 20109, at 3 (S.D.N.Y. Oct. 21, 2002); Wechsler v. Macke Int'l Trade, Inc., 99 Civ. 5725 (AGS),

*Glotser v. Boardwalk Regency, LLC*
March 8, 2022
Page 3

1999 U.S. Dist. LEXIS 19800, at *10 (S.D.N.Y. 1999); 800- Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1994). In determining the locus of operative facts, courts must look to the "site of events from which the claim arises." Id. at 8; Avemco Ins. Co. v. GSF Holding Corp., 1997 U.S. Dist. LEXIS 13716, at *18 (S.D.N.Y. Sept. 11, 1997). Here, it is undisputed that the incident occurred on the Caesars premises, which is located at 2100 Pacific Avenue, Atlantic City, New Jersey. The *only* connection to New York in this instant matter is Plaintiff's residence. Therefore, it is clear that New Jersey was the site of all of the events from which this arises. Thus, this factor supports a transfer to the District of New Jersey.

Although the plaintiff's choice of forum is usually accorded substantial weight in this analysis, "it is given less weight when the facts giving rise to the litigation bear little connection to the chosen forum." Transatlantic Reinsurance Co. v. Cont'l Ins. Co., 2003 U.S. Dist. LEXIS 20933, at 9 (S.D.N.Y. Nov. 19, 2003); Wechsler v. Macke Int'l Trade, Inc., 99 Civ. 5725 (AGS), 1999 U.S. Dist. LEXIS 19800, at *25 (S.D.N.Y. Dec. 21, 1999), quoting Brown v. Dow Corning Corp., 1996 U.S. Dist. LEXIS 6607, No. 93 Civ. 5510 (AGS), 1996 WL 257614, *2 (S.D.N.Y. May 15, 1996) ("However , when a plaintiff brings a suit…in a forum that has no material connection with the action, this factor should be given little weight"); Peter v. Platinum Publ'ns, 1994 U.S. Dist. LEXIS 11280 at 12 (S.D.N.Y. 1994). Here, although Plaintiff's residence is in New York, the facts giving rise to this claim bear absolutely no connection to Plaintiff's chosen forum, as all relevant events occurred in the State of New Jersey. In such cases, Courts have held that a plaintiff's choice of forum is still accorded some weight, however that weight is not *substantial*. Id. at 9. In this instant matter, the Plaintiff travelled to Caesars Atlantic City Hotel and Casino in New Jersey where she stayed overnight in the Ocean Tower suite from June 12, 2018 to June 14, 2018. While in Atlantic City, she dined and gambled. The subject incident took place while the Plaintiff was inside of her hotel room in Atlantic City. It is clear that the facts giving rise to this claim occurred solely in the state of New Jersey and bear no material connection to the state of New York. Therefore, this factor should not tilt the scales of this balancing test in Plaintiff's favor in any substantial way as the facts giving rise to the claim are not connected to Plaintiff's chosen forum.

Courts have consistently held that the convenience of the witnesses is another significant factor in this analysis. Olympia Grp., Inc. v. Cooper Indus., 00 Civ. 7367 (MBM), 2001 U.S. Dist. LEXIS 6187, at *3-4 (S.D.N.Y. May 11, 2001). In this action, not only did Plaintiff avail herself to New Jersey when she traveled to Caesars, but the incident occurred in New Jersey, and Defendants witnesses are all located in New Jersey. Namely, Plaintiff's casino host and Defendant's main witness, Melbourne Pimenta, who both resides and works in New Jersey.

Here, it is clear that the defendant will be greatly inconvenienced if forced to litigate in New York because defendants do not reside or have offices in New York. Even if this Court finds that the transfer would simply shift the convenience to the moving party, courts have found that the parties' convenience becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party. Wechsler v. Macke Int'l Trade & Anthony O'Rourke, 1999 U.S. Dist. LEXIS 19800 at 17 (S.D.N.Y. 1999). Thus, if this Court finds that a shifting of convenience would occur in accordance with the transfer, this factor will become neutral.

*Glotser v. Boardwalk Regency, LLC*
March 8, 2022
Page 4

Moreover, all of the defendant's operations and a substantial portion of their assets and records are located in New Jersey. Because New Jersey is clearly the locus of the operative facts in this case, all of the documents and sources of proof concerning this matter will be found in New Jersey. Wechsler v. Macke Int'l Trade, Inc., 99 Civ. 5725 (AGS), 1999 U.S. Dist. LEXIS 19800, at *23 (S.D.N.Y. Dec. 21, 1999). Therefore, not only would a transfer to the District of New Jersey promote the convenience of the parties, it would further create easier and more efficient access to proof.

As to the relevant means of the parties, it is clear that this transfer would not prove unduly burdensome to the Plaintiff. The Plaintiff testified that she has continuously travelled to New Jersey for approximately 18 to 20 years to participate in recreational activities. It is undisputed that she purposefully availed herself of New Jersey on the date of the incident and on numerous occasions both before and after the incident.

Furthermore, "[a] party arguing against or for transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances." Wechsler v. Macke Int'l Trade, Inc., 99 Civ. 5725 (AGS), 1999 U.S. Dist. LEXIS 19800, at *22 (S.D.N.Y. Dec. 21, 1999). Therefore, the burden is on the Plaintiff to show that the transfer would place a great burden on her financial resources. Here, it is clear that a transfer of this matter to the District of New Jersey would not prove burdensome or fall outside the means of the Plaintiff based on her frequent visits to New Jersey over the course of 18 to 20 years; coupled with the fact that she is financially well-off, as evidenced by the fact that she is a Seven Star Member of the Caesars Rewards Program. Therefore, this factor plainly weighs in favor of a transfer of this case.

Finally, under New York law, courts must apply the law of the state "which has the most significant contacts with the matter in dispute." Id. at 9, quoting Olin Corp. v. Ins. Co. of N. Amer., 743 F. Supp. 1044, 1048 (S.D.N.Y. 1990). Here, it is evident that the site of the events from which the claim arises is located in New Jersey. The Plaintiff travelled of her own accord to Caesars Atlantic City Hotel and Casino located in New Jersey. There, she stayed in a complimentary hotel room, gambled at the casino, and dined at a restaurant. While in the Caesar's hotel room in Atlantic City, New Jersey, the Plaintiff allegedly tripped and fell, giving rise to this instant matter. It is clear that New Jersey is the state with the most significant contacts with this dispute. Moreover, the Plaintiff's address is the only contact with New York State. Thus, New Jersey law should be applied. Therefore, a prompt transfer of this case to the District of New Jersey will place this matter in the hands of a New Jersey Court that is more familiar with New Jersey law.

In sum, it is clear that a transfer of venue would serve the purpose of § 1404(a) as it would "prevent waste of time, energy and money and also protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945, 1964 U.S. LEXIS 1537 (1964). Furthermore, any incidental delay caused by a transfer of this case would plainly be outweighed by the "overall gain in convenience." Gendreau v. Kigawa, No. 13cv3217 (LTS) (DCF), 2014 U.S. Dist. LEXIS 165433, at *41 (S.D.N.Y. Nov. 14, 2014). Based on the foregoing facts, it is clear that a change of venue in this instant matter would not impede the timeline of the case, but rather facilitate it. Id. at 41.

*Glotser v. Boardwalk Regency, LLC*
March 8, 2022
*Page 5*

The totality of the circumstances clearly weighs in favor of a transfer of this case to the District of New Jersey in the interests of convenience and fairness. As discussed, it is undisputed that this claim arose in New Jersey, and the only connection to New York is simply the Plaintiff's address. Furthermore, as New Jersey law is the appropriate law to apply in this case, the District of New Jersey is more familiar with the applicable governing law. The fact that the Plaintiff will not be burdened by a transfer to New Jersey is overwhelmingly supported by the evidence. Not only did the Plaintiff purposefully avail herself of New Jersey on the date of the incident, but she had done so for the past 18 or 20 years and continues to do so. Furthermore, it is clear that a majority of the relevant records and witnesses are located in New Jersey, therefore trial efficiency will be served by such a transfer.

For the reasons set forth above, it is respectfully requested that this Court issue an order granting a transfer of venue in favor of moving defendants, Boardwalk Regency, LLC, thereby transferring this matter to the District of New Jersey. Thank you for your time and consideration.

Respectfully Submitted,

*[signature]*

Angelo M. Bianco, Esq.

cc:   Tedd E. Kessler
      Attorney for Plaintiff

The Court construes Defendants' submission as a pre-motion letter in accordance with Rule 6.A of the Court's Individual Rules and Practices in Civil Cases seeking leave to move to transfer.  Having reviewed Defendants' letter and Plaintiff's response, Dkt. 61, the Court grants Defendants leave to move to transfer to the District of New Jersey.  Defendants' motion is due on January 10, 2023.  Plaintiff's opposition is due on January 31, 2023.  Defendants' reply, if any, is due on February 7, 2023.

SO ORDERED.

December 19, 2022
New York, New York

*[signature]*

JOHN P. CRONAN
United States District Judge